**UNITED STATES of America, Appellee,**

v.

**Robert E. SIMPSON, Appellant.**

**No. 82–1855.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 12, 1983.

Certiorari Denied June 6, 1983.

See 103 S.Ct. 2457.

Decided Feb. 11, 1983.

Rehearing Denied March 7, 1983.

Griffin Smith, Little Rock, Ark., for appellant.

George W. Proctor, U.S. Atty., Kenneth F. Stoll, First Asst. U.S. Atty., Little Rock, Ark., for appellee.

Before ROSS, Circuit Judge, HENLEY, Senior Circuit Judge, and FAGG, Circuit Judge.

PER CURIAM.

Appellant Robert E. Simpson was convicted of perjury and travel in interstate commerce to promote bribery. He appeals his conviction on the perjury count, which was based on Simpson's testimony before a grand jury investigating kickbacks to Arkansas county judges. In his testimony he

denied offering to pay a bribe to Judges Bishop and McCuen, or paying a bribe to Judges Parker and McLeskey. His testimony was incorporated in the indictment.

At Simpson's jury trial, all four judges were called to testify about their conversations and dealings with Simpson. Simpson concedes that the testimony of either McLeskey or Parker that Simpson had paid each kickbacks was sufficient to support a finding that Simpson had lied to the grand jury. However, he argues that the testimony of Bishop and McCuen was insufficient to support a guilty verdict. Because the general verdict is not clear as to which specification the jury believed, Simpson contends that the jury might have convicted him on McCuen's or Bishop's testimony; to prevent a conviction possibly based on insufficient evidence, the conviction should be reversed. Simpson further argues that the district court[1] erred in not giving an instruction specifically directing that the jurors be unanimous as to which specification, if any, Simpson was guilty.[2]

While as a general proposition, Simpson's arguments may have some merit,[3] we need not reach the interesting issues they raise or suggest. Here, Simpson was convicted of traveling in interstate commerce to promote bribery, in addition to the perjury count. The travel conviction was based on Simpson's bribery only of Judge Parker. This conviction removes any ambiguity in

1. The Honorable Henry Woods, United States District Judge, Eastern District of Arkansas.

2. The jury received a general unanimity instruction similar to that recommended in 1 Devitt and Blackmar, *Federal Jury Practice and Instructions* § 18.01 (1977).

3. Simpson relies on *United States v. Natelli,* 527 F.2d 311 (2d Cir.1975), *cert. denied,* 425 U.S. 934, 96 S.Ct. 1663, 48 L.Ed.2d 175 (1976), for the proposition that a guilty verdict which might be based on a specification inadequately supported by the evidence is ambiguous and cannot stand. He argues that when an ambiguous verdict is rendered, the jury may have found the defendant guilty of the unproven specification and not guilty of the proven specification. Thus, Simpson contends that he may have been convicted upon proof which does not reach the level of beyond a reasonable doubt.

*In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); *see Yates v. United States,* 354 U.S. 298, 77 S.Ct. 1064, 1 L.Ed.2d 1356 (1957).

Simpson's second argument is that the jury may not have been unanimous. *Johnson v. Louisiana,* 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972). He argues that the court should have given a specific instruction directing unanimity on the specification of which Simpson was guilty. This would protect against the possibility of his conviction if, for example, half the jurors believed he bribed Parker but not that he attempted to bribe Bishop and the other half believed he attempted to bribe Bishop but not that he bribed Parker. *United States v. Gipson,* 553 F.2d 453 (5th Cir.1977).

his perjury conviction, since it shows that the jury verdict was in fact based on a specification adequately supported by the evidence, and that the jury was unanimous on Simpson's guilt of that specification. *See United States v. Tresvant,* 677 F.2d 1018, 1024 (4th Cir.1982) (Phillips, J., concurring); *United States v. Ballard,* 663 F.2d 534, 544 (5th Cir.1981), *modified on other grounds,* 680 F.2d 352 (1982); *United States v. Sutherland,* 656 F.2d 1181, 1202 (5th Cir. 1981); *United States v. Murray,* 618 F.2d 892, 898 (2d Cir.1980).

The conviction is affirmed.